**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

_____

| | |
|---|---|
| **SUZANNE FILLORAMO,** ) | **CIVIL ACTION** |
|     **Plaintiff** ) | |
| ) | **COMPLAINT** |
| **v.** ) | |
| ) | |
| ) | **JURY TRIAL CLAIMED** |
| **THE CBE GROUP, INC.,** ) | |
|     **Defendant** ) | |
| _____) | **JULY 28, 2011** |

## COMPLAINT

### I. INTRODUCTION

1.  This is a suit brought by a consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.* and includes a pendant State claims for violation of the Connecticut Unfair Trade Practices Act ("CUTPA") Conn. Gen. Stat 42-110a *et seq.* and for intentional infliction of emotional distress.

### II. PARTIES

2.  Plaintiff, Suzanne Filloramo, is a natural person residing in East Hartford, Connecticut.

3.  Defendant, The CBE Group, Inc. ("CBE") is an Iowa company that provides accounts receivable management and debt collection services to creditors, and is licensed with the Connecticut Department of Banking as a Consumer Collection Agency.

### III. JURISDICTION

4.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p,  28 U.S.C. §§ 1331 and 1337; supplemental jurisdiction is proper pursuant to 28 U.S.C § 1367.

5.  This Court has jurisdiction over CBE because it engages in business activities within Connecticut.

6.  Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

7.  On or around January 2011, Plaintiff received a call from CBE.

8.   The agent with whom Plaintiff spoke said that he was calling to collect a debt of $947.64 on a Shell Gas card.

9.   Plaintiff never opened a Shell card, and she told the representative that she did not owe the debt.

10. Plaintiff also informed the representative that she had never received a bill for the Shell card.

11. The representative told her that she would need to fill out a police report in order to dispute the debt.

12.  On January 19, 2011, Plaintiff went to the East Hartford Police Department and reported the identity theft to the police.

13. On or around January 19, 2011, Plaintiff sent a copy of the report to CBE.

14. On or around March 12, 2011, Plaintiff received a letter from CBE which purported to confirm an authorized payment for the entire balance on the account to be drawn on March 16, 2011.

15. Plaintiff had not authorized such a payment, and the bank account number on the notice was not Plaintiff's account number, though the bank name on the notice was Plaintiff's bank.

16. No money was withdrawn from Plaintiff's account.

17. On or around May 10, 2011, Plaintiff received another call from CBE in an attempt to collect on the Shell Charge card.

18. Plaintiff explained that she had informed CBE that the debt was not hers and that she had sent a copy of a police report.

19. The representative with whom Plaintiff spoke requested that Plaintiff send another copy of the police report, claiming that CBE never received it.

20. Plaintiff never received verification of the debt from CBE.

21. Portfolio violated the FDCPA in the following respects:

   a. CBE violated 15 U.S.C. § 1692g(b) when it failed to provide Plaintiff with verification of the debt after she notified its representatives orally and in writing, by the police report, that she disputed the debt.

   b. CBE violated 15 U.S.C 1692g(b) by continuing to contact Plaintiff in an attempt to collect the debt before it provided Plaintiff with verification of the debt.

c.  CBE violated 15 U.S.C. § 1692d by engaging in conduct as described above, the natural consequence of which was to harass, oppress, or abuse the plaintiff; and

d.  CBE violated 15 U.S.C. §§ 1692e(5) and (10) by using false and misleading representations  in an attempt to collect the debt as described above; specifically by sending a letter to Plaintiff which purported to reflect an authorization to withdraw monies from her account when, in fact, Plaintiff had not authorized such a payment, in order to induce her to call CBE.

e.  CBE violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt, as described above.

22.  Through its violations of the FDCPA, CBE has engaged in unfair and deceptive trade practices in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

23. Plaintiff has suffered an ascertainable loss on account of CBE's illegal debt collection activities, including, but not limited to, postage costs incurred sending CBE a copy of the police report, and travel expenses incurred traveling to her bank in order to verify that money had not been withdrawn from her account in accordance with CBE's notice.

24.  As a result of the above-described conduct, Plaintiff has suffered severe emotional distress and anxiety.

WHEREFORE, Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; Actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k, actual damages, punitive damages, and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

PLAINTIFF, SUZANNE FILLORAMO

By: /s/Daniel S. Blinn_____
    Daniel S. Blinn, ct02188
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408; Fax. (860) 571-7457